IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-51260
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TONY EDWARD POWELL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:95-CR-4-ALL

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Tony Edward Powell, federal prisoner # 61525-080, appeals the district court's denial of his postjudgment motion seeking reconsideration of the district court's denial of his motion entitled "Administrative Notice and Demand Federal Rules of Evidence 201 and 301." Powell has filed a motion for leave to proceed in forma pauperis (IFP) on appeal, challenging the district court's denial of IFP

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

status and certification that his appeal would not be taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).

Powell argues that the district court erred in addressing his motion because the district court was named as a respondent and that the district court erred in characterizing his motion for default as a motion for reconsideration. He contends that his initial 28 U.S.C. § 2255 motion was not timely filed due to the fault of his counsel. Powell also asserts that there was no federal jurisdiction in his federal criminal case and argues the merits of his underlying habeas claims.

Powell's motion for reconsideration seeking a default judgment based on the respondents' failure to comply with his "Administrative Notice and Demand" was a "meaningless, unauthorized motion" that should have been dismissed for lack of jurisdiction. See United States v. Early, 27 F.3d 140, 141-42 (5th Cir. 1994). Even if the motion could be construed as a § 2255 motion challenging his conviction, it is successive and, thus, the district court lacked jurisdiction to address the pleading. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); § 2255; 28 U.S.C. § 2244(b)(3). Powell's appeal has no arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Powell's motion to proceed IFP is denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court and this court have cautioned Powell that he would be sanctioned if he continued to file frivolous challenges to his conviction or sentence. See United States v. Powell, No. 04-50931, slip op. at 2 (5th Cir. Aug. 18, 2005). Nevertheless, Powell has continued to engage in abusive and frivolous filing practices in his pursuit of postjudgment relief. Accordingly, we now order Powell to pay $100 as a sanction to the clerk of this court. Powell is barred from filing in this court or in any court subject to this court's jurisdiction any challenge to his conviction or sentence until the total amount of the sanction

imposed on him is paid in full. Moreover, the clerk of this court and the clerks of the district courts are directed to refuse to file any challenge by Powell to his conviction or sentence unless Powell submits proof of satisfaction of this sanction. If Powell attempts to file any such notices of appeal or original proceedings in this court without such proof, the clerk shall docket them for administrative purposes only. Any such submissions which do not show proof that the sanction has been paid will neither be addressed nor acknowledged. Powell is also warned that filing any future frivolous or repetitive challenges to his conviction or sentence in this court or any court subject to this court's jurisdiction will subject him to additional sanctions, as will the failure to withdraw any such pending challenges that are frivolous.

MOTION TO PROCEED IFP DENIED; APPEAL DISMISSED; SANCTION IMPOSED; SANCTION WARNING ISSUED.