**REVISED MARCH 2, 2000**

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

—————————————

No. 99-50639

(Summary Calendar)

—————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS HOMER KEY, JR.,

Defendant-Appellant,

Appeal from the United States District Court
For the Western District of Texas

March 1, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:

Travis Homer Key, Jr., appeals the district court's denial of his motion for the appointment

of counsel to assist in his filing of a successive habeas corpus petition. We vacate the opinion of the

district court and dismiss for lack of jurisdiction.

In 1992, Key pled guilty to second degree murder on federal property and was sentenced to

forty years in prison and five years of supervised release. His sentence was affirmed on direct appeal in 1993. In 1997, Key filed a petition for federal habeas corpus, alleging that the district court failed to comply with Federal Rule of Criminal Procedure 11 and that his counsel provided ineffective assistance. The petition was denied, and this court denied Key a certificate of appealability in 1998.

On June 9, 1999, Judge Walter Smith's chambers received a two-page letter from Key asking that counsel be appointed to assist him in filing a future petition for postconviction relief. The district court construed this as a motion for the appointment of counsel and denied it. Key appeals.

Even though the government does not challenge this appeal on jurisdictional grounds, "we must always be sure of our appellate jurisdiction and, if there is doubt, we must address it, sua sponte if necessary." *Casteneda v. Falcon*, 166 F.3d 799, 780 (5th Cir. 1999); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, __, 118 S. Ct. 1003, 1013, 140 L. Ed. 2d 210, __ (1998) ("[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it.") (citation omitted). If the district court lacked jurisdiction, "[o]ur jurisdiction extends not to the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 882 (5th Cir. 1998).

We find that the district court lacked jurisdiction over Key's motion. Since Key had already filed one federal habeas petition, he needed this court's permission before he could again challenge his conviction or sentence in the district court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). If he filed a second habeas petition in the district court, either *pro se* or assisted by

counsel, it would be immediately dismissed for lack of jurisdiction. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999); *United States v. Rich*, 141 F.3d 550, 554 (5th Cir. 1998). Indeed, the purpose of this provision was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) ("Section 2244) ) one of the gatekeeping provisions of the AEDPA) ) was enacted primarily to preclude prisoners from repeatedly attacking the validity of their convictions and sentences.").

Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one. *See Hooker*, 187 F.3d at 682; WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION AND RELATED MATTERS § 4267 (describing the bar as a "significant procedural barrier"). When a statute removes jurisdiction over a particular type of case from the district courts, it must by necessity also remove from the district courts' consideration motions for the appointment of counsel to file the particular claims over which the district courts lack jurisdiction. *Cf. United States v. Jones*, 963 F. Supp. 32, 34 (D. D.C. 1997) ("Because [petitioner's] right to file a second § 2255 motion must initially be addressed by the Court of Appeals rather than by this Court, it is logical (although not specifically expressed in the Act) that the Court of Appeals is also the appropriate forum to address his motion for an extension of time within which to file that second § 2555 motion."). Accordingly, the district court did not have jurisdiction to consider Key's motion for the appointment of counsel.

Key's motion for the appointment of counsel should have been brought in this court as part of his § 2244(b)(3) petition for authorization to file a successive habeas petition in the district court.

In such a context, if Key made the requisite showing, we would have the power to appoint counsel on his behalf. *See* 18 U.S.C. § 3006(A)(2); *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985) ("This court appoints counsel to represent a person seeking habeas corpus relief when the interests of justice so require and such person is financially unable to obtain representation."); Fifth Circuit Plan Under the Criminal Justice Act § 2 ("Any person . . . seeking relief under 28 U.S.C. Sections 2241, 2254, or 2255 . . . may apply to this court to be furnished representation."). However, in the present context, we have no jurisdiction to review Key's motion on the merits, as the district court was without the power to rule on it. *See New York Life Ins. Co.*, 142 F.3d at 882.

Accordingly, as the district court lacked jurisdiction to rule on Key's motion for the appointment of counsel, we VACATE the judgment of the district court and DISMISS this appeal for lack of jurisdiction.[1]

---

[1] We DENY Key's motion to supplement and correct the record and Key's motion for leave to file exhibits with his reply brief. We GRANT Key's motion to file his reply brief with excess pages and accept Key's reply brief in present form.