**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

―――――――――――

No. 01-41159

(Summary Calendar)

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BALDEMAR SAMBRANO VILLARREAL,

Defendant-Appellant.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:91-CR-4-3

―――――――――――――――――――――――

October 9, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Baldemar Sambrano Villarreal, federal prisoner number 03367-078, appeals the district

court's order denying his motion to unseal sealed records. Villarreal states that he wishes to file an

―――――――――――

    *      Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

application for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction and sentence. Section 2255, 28 U.S.C., provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Villarreal has not demonstrated that he should be permitted to proceed by way of 28 U.S.C. § 2241 under the "savings clause" of 28 U.S.C. § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)(reasoning that, to proceed by way of 28 U.S.C. § 2241, an applicant must show 1) that his claims are based on a retroactively applicable Supreme Court decision that establishes that the applicant may have been convicted of a nonexistent offense, and 2) that his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion).

Villarreal previously pursued relief under 28 U.S.C. § 2255. *See United States v. Villarreal*, No. 94-40319 (5th Cir. Mar. 29, 1995) (unpublished; affirming district court's order). Because Villarreal has not obtained leave of this court to file a second or successive 28 U.S.C. § 2255 motion, the district court did not have jurisdiction to consider Villarreal's motion to unseal sealed records. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)(reasoning that, because the petitioner had not obtained leave of this court to file a second or successive § 2255 motion, the district court did not have jurisdiction to consider the petitioner's motion for appointment of counsel to assist in filing of second or successive § 2255 motion). Because the district court did not have jurisdiction, this court is also without jurisdiction and the appeal must be dismissed. *See id*. at 775 (dismissing the appeal for lack of jurisdiction).

APPEAL DISMISSED.