United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 12, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 02-61075
(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLEN MAFFETT POUND,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Mississippi
Nos. 3:95-CV-135-P & 89-CR-42-S1

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Olen Maffett Pound appeals the district court's denial of his motion for relief

from the judgment denying his first 28 U.S.C. § 2255 petition. Pound seeks to reopen his initial

§ 2255 petition pursuant to FED. R. CIV. P. 60(b) and to add new claims pursuant to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FED. R. CIV. P. 15.

Because Pound invokes Rule 60(b) in an attempt to alter the judgment in his initial habeas proceeding, his motion should be construed as a successive habeas petition. *Hess v. Cockrell*, 281 F.3d 212, 214 (5th Cir. 2002). Since Pound did not request leave from this Court to file a successive habeas petition, the district court was without jurisdiction to consider his Rule 60(b) motion. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) ("[Section] 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one.").

Where, as here, the district court was without jurisdiction to consider a successive habeas petition, "[o]ur jurisdiction extends not to the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *Key*, 205 F.3d at 774 (quoting *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 882 (5th Cir. 1998)). Accordingly, we VACATE the judgment of the district court and DISMISS this appeal for lack of jurisdiction.