United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50759
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT MARTINEZ-GIL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-91-CR-318-4
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Robert Martinez-Gil, prisoner number 24434-149, was convicted of one count of conspiracy to possess heroin and cocaine with intent to deliver. The district court sentenced him to life in prison. This court affirmed his conviction and sentence on direct appeal, and his 28 U.S.C. § 2255 motion to vacate his sentence was unsuccessful. Martinez-Gil's numerous motions seeking authorization to file a successive 28 U.S.C. § 2255 motion were likewise unavailing. Martinez-Gil then

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filed a "motion to dismiss 21 U.S.C. § 851 enhancement information for lack of service" in which he argued that the enhancement information upon which his sentence was based should be dismissed for want of proper service. The district court determined that Martinez-Gil was attempting to bring a successive motion to vacate his sentence without having received this court's authorization to do so. The district court thus dismissed the case. Martinez-Gil now appeals the dismissal of this motion. He argues that the district court erred in classifying his motion as properly sounding in 28 U.S.C. § 2255, and he also moves this court for a writ of mandamus ordering the district court to vacate his life sentence.

Martinez-Gil has not shown that the district court erred in determining that his motion, which raised a thinly disguised challenge to his sentence, was really an attempt to bring an unauthorized successive 28 U.S.C. § 2255 motion. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Because Martinez-Gil had not obtained this court's authorization to file this motion, the district court did not err in dismissing Martinez-Gil's case. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). The judgment of the district court is AFFIRMED, and Martinez-Gil's motion for a writ of mandamus is DENIED.