United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 04-40464
Summary Calendar**

**WARDELL MOORE,**

**Petitioner-Appellant,**

**versus**

**DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,**

**Respondent-Appellee.**

**Appeal from the United States District Court
for the Southern District of Texas
(6:03-CV-27)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Wardell Moore appeals, *pro se*, the dismissal of his successive 28 U.S.C. § 2254 application, which challenged his sentence following his conviction for aggravated assault with a deadly weapon. The district court ruled the application was moot due to Moore's release from prison. Moore contends his claim is not moot. The respondent claims the district court lacked jurisdiction to consider Moore's successive application.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Moore's first § 2254 application was denied in October 2001. *Moore v. Vandel*, No. H-99-3739 (S.D. Tex. 30 Oct. 2001) (unpublished). The district court could consider Moore's successive petition only if he had obtained an order from this court authorizing the district court to do so. *See* 28 U.S.C. § 2244(b)(3)*; United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Because Moore did not do so, the district court lacked jurisdiction to consider the successive petition. *Key*, 205 F.3d at 774. Consequently, we vacate the judgment of the district court and remand this matter with instructions to dismiss for lack of jurisdiction. *See Crone v. Cockrell*, 324 F.3d 833, 838 (5th Cir.), *cert. denied*, 540 U.S. 910 (2003).

*JUDGMENT VACATED; REMANDED*