United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10823
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY ANTHONY COLE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:92-CR-59-1
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gary Anthony Cole, federal prisoner # 22707-077, appeals the district court's denial of his motion for an evidentiary hearing and sentencing modification. In his motion, Cole challenged his 1992 convictions and sentences for conspiring to obstruct, delay, and affect commerce by robbery; obstructing, delaying, and affecting commerce by robbery; and carrying a firearm in relation to a crime of violence. Cole complains that the district court failed to address the merits of his arguments.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Regardless of the label Cole affixed to his motion, it challenged the constitutionality of his convictions and sentences and should have been construed as a 28 U.S.C. § 2255 motion. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Cole had filed a previous § 2255 motion and did not obtain this court's authorization to file a second or successive § 2255 motion. See 28 U.S.C. §§ 2244(b)(3)(A), 2255. Thus, the district court lacked jurisdiction to consider Cole's motion as a § 2255 motion. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). We affirm the district court's denial of Cole's motion on that basis. See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994).

Cole is warned that any further repetitious or frivolous filings, including those attempting to circumvent statutory restrictions on filing second or successive § 2255 motions, will result in the imposition of sanctions against him. These sanctions may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

AFFIRMED; SANCTION WARNING ISSUED.