United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20553
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PURVIS RAY CARTWRIGHT,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:91-CR-179-1
USDC No. 4:94-CV-3178
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Purvis Ray Cartwright, federal prisoner # 59478-079, appeals
the district court's summary dismissal of his motion to modify
his sentence, purportedly filed pursuant to 18 U.S.C.
§ 3582(b)(2)(B).

     The Government argues that the district court lacked
jurisdiction to consider Cartwright's motion to modify.  As the
Government notes, 18 U.S.C. "§ 3582(b)(2)(B)" does not exist.  A
district court may modify the imposed term of imprisonment under

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limited circumstances. 18 U.S.C. § 3582(c). Because Cartwright's motion did not fall under any of the provisions of § 3582(c), it was unauthorized and without jurisdictional basis. United States v. Early, 27 F.3d 140, 141-42 (5th Cir. 1994). Moreover, it cannot be construed as a 28 U.S.C. § 2255 motion to vacate, because Cartwright has already filed one § 2255 motion and a second would be subject to the jurisdictional bar of the successive-motion provision, 28 U.S.C. § 2244(b)(3)(A). See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Because Cartwright's appeal is without arguable merit, we dismiss the appeal as frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

Cartwright is hereby warned that any further repetitious or frivolous filings, including those attempting to circumvent statutory restrictions on filing second or successive § 2255 motions, may result in the imposition of sanctions against him. These sanctions may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

APPEAL DISMISSED; SANCTION WARNING ISSUED.