United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20885
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

BILAL TROY FARAHKHAN,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:96-CR-24-1
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Bilal Troy Farahkhan, federal prisoner # 72541-079, appeals

the district court's dismissal of his motion to modify his

sentence, purportedly filed pursuant to 18 U.S.C. § 3582(b)(2)(B)

and FED. R. CRIM. P. 35.  The Government argues that the district

court lacked jurisdiction to consider Farahkhan's motion to

modify.  As the Government notes, "§ 3582(b)(2)(B)" does not

exist.  A district court may modify the imposed term of

imprisonment under limited circumstances.  § 3582(c).  Because

Farahkhan's motion did not fall under any of the provisions of

-----

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3582(c), it was unauthorized and without jurisdictional basis. See <u>United States v. Early</u>, 27 F.3d 140, 141-42 (5th Cir. 1994). To the extent that the district court construed the motion as an attempted successive § 2255 motion, dismissal for lack of jurisdiction was proper because Farahkhan had not received permission from this court to file a successive 28 U.S.C. § 2255 motion. See <u>United States v. Key</u>, 205 F.3d 773, 774 (5th Cir. 2000).

The instant appeal is without arguable merit and is therefore dismissed as frivolous. <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Farahkhan is hereby warned that any further repetitious or frivolous filings, including those attempting to circumvent statutory restrictions on filing second or successive § 2255 motions, may result in the imposition of sanctions against him. These sanctions may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

APPEAL DISMISSED; SANCTION WARNING ISSUED.