# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-61073
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BERNARD SANGS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:97-CR-96-4

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bernard Sangs, federal prisoner # 10671-042, appeals the district court's denial of his "motion for judicial review." In that motion, Sangs argued that the Government orally agreed to file a motion under FED. R. CRIM. P. 35 to reduce his sentence for substantial assistance that he provided after sentencing, and that the Government has refused to file the motion. The district court construed the motion for judicial review as a successive motion under 28 U.S.C. § 2255 and denied the motion because Sangs failed to obtain our certification of the motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The government does not make a jurisdictional challenge, but we must consider this court's and the district court's jurisdictional basis. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). The district court has jurisdiction to correct or modify Sangs's sentence in limited circumstances under 18 U.S.C. § 3582 (b) and (c). The applicable provision here permits jurisdiction if the government moves to reduce a defendant's sentence under FED. R. CRIM. P. 35(b)(1). The court has jurisdiction when this motion is made more than one year after sentencing if the defendant has substantially assisted the government by providing "information not known to the defendant until one year or more after sentencing"; information that was provided within one year of sentencing that did not become useful until more than one year after sentencing; or information that the defendant could not have reasonably anticipated to be useful until more than one year after sentencing. FED. R. CRIM. P. 35(b)(2)(A)-(C); see also United States v. Early, 27 F.3d 140, 141 (5th Cir. 1994).

The district court has jurisdiction to review a government's refusal to file a Rule 35 motion only where the defendant has made a "substantial threshold showing" that the government has refused based on an "unconstitutional motive." United States v. Sneed, 63 F.3d 381, 389 n.6 (5th Cir. 1995); Wade v. United States, 504 U.S. 181, 185-86 (1992).

Sangs's motion for judicial review was "an unauthorized motion which the district court was without jurisdiction to entertain" because "his motion and situation do not fit any provision" of the Rule. Early, 27 F.3d at 142. Sangs did not make a "substantial threshold showing" of "unconstitutional motive" that might have permitted the district court to review the Government's refusal to file a Rule 35(b) motion. See Wade, 504 U.S. at 185-86. Accordingly, we affirm on the alternate grounds that the district court lacked jurisdiction. See Early, 27 F.3d at 142.

AFFIRMED.