IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2008

Charles R. Fulbruge III
Clerk

No. 08-10072
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID ANTOINE JOHNSON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-185-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Antoine Johnson, federal prisoner # 27125-177, appeals the district court's dismissal of his motion entitled, "CORRECTION AND REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3742 AND RULE 35, AND IN ALTERNATIVE MOTION TO WITHDRAW PLEA UNDER FED. R. CRIM. P. 11." In that motion, Johnson challenged his sentence and conviction on various bases. On appeal, Johnson argues that the district court erred by recharacterizing his motion as arising under 28 U.S.C. § 2255 and dismissing it as an unauthorized

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

successive motion. He asserts that his motion actually arose under 18 U.S.C. § 3742 and FED. R. CRIM. P. 11 and 35.

Johnson's motion was not authorized under any of the cited legal authorities. The unauthorized motion was therefore without jurisdictional basis. See United States v. Early, 27 F.3d 140, 141-42 (5th Cir. 1994). Because the district court construed the motion as an attempted successive § 2255 motion, dismissal for lack of jurisdiction was proper due to Johnson's failure to obtain permission from this court to file a successive § 2255 motion. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).[1]

On appeal, Johnson alternatively requests a certificate of appealability (COA) in order to file a second or successive § 2255 motion in the district court. Johnson is conflating two different requirements. Permission to file a second or successive § 2255 motion in district court arises under 28 U.S.C. §§ 2244(b)(3)(A) and 2255. A COA is not required. To the extent he seeks a COA, that request is unnecessary. To the extent he seeks permission to file a second or successive § 2255 motion in district court, that request is denied as improperly submitted without prejudice to his ability to submit a proper request under §§ 2244(b)(3)(A) and 2255.

The instant appeal is without arguable merit and is therefore dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED; REQUEST FOR PERMISSION TO FILE A SECOND OR SUCCESSIVE § 2255 MOTION DENIED.

---

[1] Johnson argues that the district court was required to provide notice that it intended to treat his motion as a § 2255 petition. However, the Supreme Court has held only that a district court must provide notice when the motion is treated as the party's first § 2255 petition. See Castro v. United States, 540 U.S. 375, 382 (2003). Because Johnson had already filed his first § 2255 motion, we see no error in the district court's treatment of Johnson's motion as a successive § 2255 petition.