**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-20027
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DONNELL BARTHOLOMEW FORD, also known as The Harley Davidson, also
known as 32, also known as Tony

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:97-CR-295-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Donnell Bartholomew Ford, federal prisoner # 09934-
424, who is serving a life sentence, appeals the dismissal of his purported action
pursuant to Federal Rule of Civil Procedure 60(b), challenging his conviction for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

conspiracy to commit money laundering, conspiracy to possess cocaine with the intent to distribute, and attempted possession of cocaine with the intent to distribute.

Ford contends he is entitled to proceed under Rule 60(b) because he is attacking the integrity of the trial and habeas courts on the grounds of fraud. In dismissing, the district court held a rule of civil procedure cannot be used to challenge a criminal conviction.

Our court need not reach whether Ford could use Rule 60(b) to challenge his criminal conviction because the district court should have dismissed for lack of jurisdiction. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); 28 U.S.C. § 2255(h). Ford claims *only* fraud in the underlying criminal proceeding. Because he seeks relief from his conviction and is not attacking the integrity of the federal habeas proceedings, his motion should have been construed as a successive 28 U.S.C. § 2255 motion filed without this court's required permission. *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 531-32 & nn.4-5 (2005) (holding Rule 60(b) motion that challenges merits of state court conviction should be construed as a successive 28 U.S.C. § 2244 motion). The judgment is affirmed on this alternative basis. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).

Ford has attempted repeatedly to relitigate his fraud claim and to evade the statutory requirements for filing a successive § 2255 motion. He is warned: future repetitive filings, however styled, may subject him to sanctions, which may include monetary sanctions and restrictions on filing further pleadings.

AFFIRMED; SANCTION WARNING ISSUED.