**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2011

Lyle W. Cayce
Clerk

No. 10-30963
Summary Calendar

ALVIN MEAD,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-3173

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alvin Mead, Louisiana prisoner # 310779, appeals the denial of his second 28 U.S.C. § 2254 application challenging his conviction for possession of cocaine. The district court denied the application as time barred but nevertheless granted Mead a certificate of appealability on his claim of actual innocence.

If necessary, we must examine the basis of our jurisdiction sua sponte. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Mead's second § 2254 application raised a claim of actual innocence that could have been raised in his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

earlier application; therefore, the second application was successive. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

As a prisoner seeking to file a second or successive § 2254 application, Mead was required to apply for leave from this court. 28 U.S.C. § 2244(b)(3)(A). His failure to do so rendered his second application unauthorized, thus depriving the district court of jurisdiction. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). As such, we lack jurisdiction over this habeas appeal. *See id.* at 775. The judgment of the district court is thus VACATED, and the appeal is DISMISSED for lack of jurisdiction.