# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 10-31100
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2011

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE MARTINEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-CR-139-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jorge Martinez, federal prisoner # 22231-034, appeals the denial of his motion to compel the government to move to reduce his sentence under Rule 35

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the Federal Rules of Criminal Procedure. He argued that the government orally agreed to file such a motion for substantial assistance that he had provided after sentencing and that the government had refused to file the motion.

Neither party makes a jurisdictional challenge, but we must consider this court's and the district court's jurisdictional basis. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). The district court has jurisdiction to correct or modify Martinez's sentence in limited circumstances under 18 U.S.C. § 3582 (b) and (c). The applicable provision confers jurisdiction if the government moves to reduce a sentence under Rule 35(b).

Assuming *arguendo* that a promise was made, the district court has jurisdiction to review the government's refusal to file a Rule 35 motion only where the defendant has made a substantial threshold showing that the government has refused based on an "unconstitutional motive." *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995). Martinez did not allege or demonstrate any unconstitutional motive that might have permitted the court to review the refusal to file a Rule 35(b) motion. The motion to compel was thus "an unauthorized motion which the district court was without jurisdiction to entertain," because the "motion and situation do not fit any provision" of the Rule. *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Accordingly, we AFFIRM on the alternative grounds that the district court lacked jurisdiction to grant the motion. *See id.*