# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2011

Lyle W. Cayce
Clerk

No. 11-60049 & 11-60054

In re: MALCOLM CHARLES HARTZOG,

> Movant

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

MALCOLM CHARLES HARTZOG,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi, Hattiesburg Division
USDC Nos. 2:04-cr-00022-LG-JMR-2

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Malcolm Charles Hartzog appeals the district court's order transferring his 28 U.S.C. § 2255 motion to this Court. Hartzog contends that the district court erred in treating his motion as successive. Concluding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60049 & 11-60054

that his motion is successive, we affirm the district court's transfer order. Additionally, we deny his request for a Certificate of Appealability.

I.    PROCEDURAL HISTORY

Hartzog was convicted in 2005 of conspiracy to possess with intent to distribute a controlled substance (count 1) and of possession with intent to distribute a controlled substance (count 3). The district court sentenced Hartzog to a term of imprisonment of life for count 1 and to a 360-month term of imprisonment for count 3. He was ordered to serve a 10-year period of supervised release for count 1 and a six-year period of supervised release for count 3. The conviction and sentence were affirmed on direct appeal. *United States v. Hartzog*, 189 F. App'x 340, 350 (5th Cir 2006). Hartzog's first section 2255 motion was denied, and this Court denied a Certificate of Appealability (COA). *United States v. Hartzog*, 2009 WL 774362, at \*6 (S.D. Miss. Mar. 20, 2009); *United States v. Hartzog*, No. 09-60286 (5th Cir. May 4, 2010).

Thereafter, in district court, Hartzog filed a "motion to set aside void judgment," invoking Federal Rule of Civil Procedure 60(b)(4) & (6). Hartzog also filed another section 2255 motion. The district court construed the motions (Rule 60(b) & § 2255) together as an unauthorized section 2255 motion and ordered the motion transferred to this Court pursuant 28 U.S.C. § 1631. Hartzog, proceeding pro se, gave timely notice of his appeal from the district court's transfer order.[1] The district court denied a COA. Hartzog now requests a COA; however, he expressly states that he is *not* moving this Court for leave to file a second or successive section 2255 motion in the district court.

---

[1] We note that we have jurisdiction over the appeal of an order transferring a § 2255 motion to this Court when the § 2255 motion is also pending before this Court. *In re: Cecil Lumont Bradford*, Nos. 10-11236 & 10-11249 (5th Cir. Oct. 7, 2011).

II.    ANALYSIS

Hartzog contends that the district court erred in holding that his § 2255 motion and his Rule 60(b) motion are successive.  He asserts that the claims he raised in the current § 2255 motion were raised in his previous § 2255 motion but that the district court failed to address them during the previous proceedings.  We have before us Hartzog's appeal of the district court's order transferring his § 2255 motion to this Court.  Hartzog also requests a COA; however, he expressly does not seek leave to file a successive § 2255 motion.

We must now determine whether the district court properly construed his § 2255 motion to be a successive one.  Before a second or successive section 2255 motion may be filed in the district court, the movant must request this Court for an order authorizing the district court to consider the motion.  *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010); *see also* § 2255(h); 28 U.S.C. § 2244(b)(3)(A) & (C).   Claims presented in prior § 2255 motions must be dismissed.  *See Williams*, 602 F.3d at 301; *see also* § 2244(b)(1).

A movant's failure to seek authorization from this Court before filing a second or successive section 2255 motion acts as a jurisdictional bar.  *See Williams*, 602 F.3d at 301 (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).  If a second or successive section 2255 motion is filed in the district court before leave of this Court has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to this Court.  *See Key*, 205 F.3d at 774.  In this case, the district court elected to transfer the unauthorized section 2255 motion to this Court.

A Rule 60(b) motion is considered a successive collateral attack if it challenges an earlier denial of relief on the merits or raises new claims.  *Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005).  A Rule 60(b) motion is not successive if it challenges "not the substance of the federal court's resolution of

a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.*

Hartzog contended in both his Rule 60(b) and section 2255 motion that, in ruling upon his original section 2255 motion, the district court failed to decide his prosecutorial misconduct claims related to "vouching and improper argument" and his related ineffective assistance of counsel claims, (Claims (7), (10), and (11)). Because the claims were not ruled upon, he contends, his Rule 60(b) and section 2255 motions were not successive. These contentions are without merit.

In Claim (7) of the original section 2255 motion, Hartzog complained that he had been "denied a fair trial by the cumulative effect of prosecutorial misconduct previously described and by other prosecutorial misconduct." Hartzog noted that he had argued in his Motion to Suppress that the government "should not be allowed to piggyback evidence of the cocaine from Jackie Newsome charged in Count 3 in order to show Hartzog's guilt on the conspiracy" count (Count 1). Hartzog complained in his section 2255 motion that the prosecutor argued improperly "that if Hartzog was guilty of possessing the powder cocaine charged in Count 3, he was automatically guilty of Count 1." Hartzog complained also that the prosecutor improperly "vouched for the credibility of the witnesses."

The "previously described" acts of prosecutorial misconduct were set forth in Claims (3), (4), and (5). In Claim (3), Hartzog complained that the prosecutor argued to the jury matters not in evidence related to telephone conversations that must have occurred between government witness Gregory James and Hartzog. In Claim (4), Hartzog complained that the prosecutor had mischaracterized an out-of-court statement of Lesia Black that Hartzog sold her crack, and that the prosecutor had argued improperly that this statement was evidence of Hartzog's guilt. In Claim (5), Hartzog complained that the

No. 11-60049 & 11-60054

prosecutor had mischaracterized the testimony of Gregory Bourne in an effort to convince the jury that Hartzog knew that his buyers were distributing crack.

Hartzog contended in Claim (10) that he received ineffective assistance of counsel at trial because counsel failed to object to several instances of prosecutorial misconduct,

> such as the government's "recreating" the content of cell phone calls purportedly made between Hartzog and Newsome where there was no evidence as to what was said on these calls; counsel failed to object to the government's implication, during Lesia Black's testimony, that Black had previously said that she purchased crack from Hartzog; counsel failed to object again when the government argued that Black's testimony supported the charge of conspiracy to distribute crack; counsel failed to object to the mischaracterization on closing of Gregory Bourne's testimony regarding Hartzog's knowledge that Bourne was selling crack and the government's serious violation of the court's sequestration order.

Hartzog contended in Claim (11) that appellate counsel rendered ineffective assistance in failing to assert these prosecutorial misconduct claims on direct appeal.

In denying the section 2255 motion, the district court determined that Claims (3), (4), (5), and (7) were procedurally barred because they were not asserted on direct appeal, and Hartzog had failed to show cause for failing to raise them. *Hartzog*, 2009 WL 774362 at *3. In determining that trial counsel had not rendered ineffective assistance, the district court noted:

> Hartzog complains that trial counsel failed to object to several instances of prejudicial prosecutorial misconduct *such as* the government's "recreating" the content of cell phone calls purportedly made between Hartzog and Newsome where there was no evidence as to what was said on these calls; the government's implication, during Lesia Black's testimony, that Black had previously said that she purchased crack from Hartzog; the government's argument that Black's testimony supported the charge of conspiracy to distribute crack; the government's closing argument mischaracterization of Gregory Bourne's testimony regarding Hartzog's knowledge that

No. 11-60049 & 11-60054

> Bourne was selling crack; and the government's violation of the court's sequestration order.

*Id.* at *4 (emphasis added). The district court specifically discussed these claims, and determined that the prosecutor was merely asking the jury to draw inferences from the evidence. *Id.* at *4-5. Because the comments were not improper, the court reasoned, counsel had not rendered ineffective assistance in failing to object. *Id.* at *5. Further, by using the phrase "such as" with respect to the list of issues, the district court clearly intended to dispose of all the prosecutorial misconduct claims.

In rejecting Hartzog's claims of ineffective assistance of appellate counsel, the district court acknowledged Hartzog's claims as follows:

> Hartzog argues that to the extent that any issues raised in this motion were insufficiently raised on appeal, appellate counsel could have raised them, and his failure to recognize the issues or raise them on appeal constitutes ineffective assistance of counsel so that Hartzog is not barred from raising them in this post-conviction proceeding.

*Id.* The court then stated that counsel does not render deficient performance by "not raising every non-frivolous issue on appeal." *Id.* (citing *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)). Further, the court recognized that Hartzog had the burden of showing that the Fifth Circuit would have granted relief had counsel raised the issue on appeal.[2] Finally, in its conclusion, the district court expressly stated that it had "analyzed all of Hartzog's grounds for relief and had found none that is meritorious." *Id.* at *6. Clearly, the district court intended to dispose of all of the issues raised by Hartzog. The court

---

[2] Moreover, although the district court did not say so expressly, it is axiomatic that ineffective assistance of counsel may constitute cause for a procedural default. *See United States v. Conley*, 349 F.3d 837, 839 n.1 (5th Cir. 2003). In stating that Hartzog had not shown cause for failing to raise his prosecutorial misconduct claims on direct appeal, the district court impliedly concluded that appellate counsel had not rendered ineffective assistance. *See Hartzog*, 2009 WL 774362 at *3.

6

No. 11-60049 & 11-60054

further noted that the government had presented "overwhelming evidence of Hartzog's guilt," and Hartzog had "shown no reasonable probability that, but for the alleged deficiencies of counsel, the outcome of his trial or appeal would have been different." *Id.* Thus, Hartzog's contention that the district court failed to dispose of Claim (7) and the related ineffective-assistance claims is without merit.

Hartzog relies on *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998), in which the Court held that a claim of incompetency to be executed, raised in a second habeas application after an original habeas application asserting a claim of incompetency was dismissed by the district court as premature, was not a successive application. As set forth above, the district court actually ruled on the claims Hartzog raised in the previous section 2255 motion. Hartzog's reliance on *Stewart* is therefore misplaced.

Because the instant section 2255 motion asserted claims that have already been adjudicated on the merits, and because the Rule 60(b) motion challenged the district court's prior denial of relief, the district court did not err in determining that the Rule 60(b) motion and the companion section 2255 motion were successive and in transferring the motions to this Court.[3] *See Gonzalez,* 545 U.S. at 532. We therefore AFFIRM the district court's order transferring the case to this Court.

We DENY Hartzog's request for a COA because Hartzog has not shown that jurists of reason could debate whether the district court erred in construing

---

[3] In the alternative, for purposes of this appeal, we will assume *arguendo* that Hartzog's claim in his Rule 60(b) motion that the district court failed to rule on certain claims constitutes an argument that there was a "defect in the integrity" of the habeas proceedings and thus, the Rule 60(b) motion was not successive. *Gonzalez,* 545 U.S. at 532. Any error in transferring the motion was harmless because, as previously set forth, the Rule 60(b) motion is without merit and should be denied.

the § 2255 motion as a successive section 2255 motion. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000).