# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 7, 2012

No. 11-10746
Summary Calendar

Lyle W. Cayce
Clerk

MARIANO BEDOLLA,

Petitioner-Appellant

v.

BARACK HUSSEIN OBAMA, President; KAREN EDENFIELD, Warden;
HARLEY LAPPIN, Director Bureau of Prisons; ERIC HOLDER, Attorney
General; UNITED STATES OF AMERICA,

Respondents-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 1:10-CV-151

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Invoking 28 U.S.C. § 2241, Mariano Bedolla, federal prisoner # 14675031,
filed the instant suit to challenge his judgment of conviction on several drug-
related charges. The district court determined that the suit was best classed as
an unauthorized successive 28 U.S.C. § 2255 motion and dismissed it. In this
appeal, Bedolla argues that his claims are properly brought under § 2241

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-10746

because they concern the infringement of his constitutional rights and because he has no other avenue in which to seek relief. He also argues that the district court erred by not considering *Bond v. United States*, 131 S. Ct. 2355 (2011).

When considering the denial of a § 2241 petition, we review the district court's factual findings for clear error and its conclusions of law de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). Our analysis of Bedolla's arguments and pertinent authority show no error in connection with the district court's judgment.

Because Bedolla's arguments relate to events that occurred prior to sentencing, his suit arises under § 2255. *See Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). He has already filed the one § 2255 motion to which he is entitled, and he has not received authorization to file another. Consequently, the district court properly concluded that it lacked jurisdiction over the motion. *See* 28 U.S.C. § 2244(b)(3)(A); *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000).

Insofar as Bedolla contends that he should be permitted to file a § 2241 petition under the savings clause of § 2255 because *Bond*, 131 S. Ct. 2355, meets the parameters of the savings clause, he is mistaken. *Bond*, a direct appeal, did not decriminalize his offense behavior, nor did it hold that claims such as the ones he raises may be presented in § 2241 petitions. The judgment of the district court is AFFIRMED.