IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 14-60907

_____

UNITED STATES OF AMERICA,

   Plaintiff - Appellee

v.

HAROLD DAMPER,

   Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2015

Lyle W. Cayce
Clerk

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:98-CR-5-1

_____

Before CLEMENT, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

In 1999, Harold Damper was convicted of possession with intent to distribute cocaine base. We affirmed his conviction and sentence. In 2002, he filed a motion to vacate his sentence under 28 U.S.C. § 2255. In 2006, the district court granted in part and denied in part his motion. Damper filed an

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

untimely notice of appeal regarding his § 2255 motion.  We dismissed this appeal for lack of jurisdiction.

In November 2014, Damper filed the instant motion in district court, purportedly to correct a clerical error in his Presentence Investigation Report ("PSR").  The motion attacked "the validity" of a prior state conviction, as well as his counsel's failure to object to the use of Damper's prior conviction to enhance his sentence.  He argued that "counsel negligence" contributed to "an additional ten year sentence applied to Damper's sentence."  Notably absent from his motion was any citation to a clerical (rather than substantive) error in his PSR.

The district court denied Damper's motion.  It noted that he "was given an opportunity to object to the presentence report" when he was sentenced fifteen years ago, and he has since filed numerous post-conviction motions.  It concluded that "[t]here comes a time when things become final and when you fail to make an objection to something, it is finally waived."

Although the district court did not consider its jurisdiction, "we must always be sure of our appellate jurisdiction and, if there is doubt, we must address it, sua sponte if necessary."  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (internal quotation marks omitted).  Here, the gravamen of Damper's motion was clearly that he was attacking the validity of his sentence.  Despite the title of his motion, he did not claim that his PSR contained any *clerical* errors.  Instead, he argued that the district court made a substantive error by considering a prior state conviction.  Accordingly, the district court should have construed the motion as a § 2255 motion.  *See* 28 U.S.C. § 2255(a); *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000).  Because the § 2255 motion is a successive petition, the district court lacked jurisdiction to rule upon it.  *Key*, 205 F.3d at 774.

14-60907

Because the district court lacked jurisdiction to rule on Damper's motion, we VACATE the judgment of the district court, and a judgment of dismissal for want of jurisdiction is RENDERED. To the extent that Damper requests leave to file a successive § 2255 petition, this request is DENIED because he has failed to show that there is any newly discovered evidence or new rule of constitutional law that would entitle him to this relief. *See* 28 U.S.C. § 2255(h).