# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11143
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2016

Lyle W. Cayce
Clerk

JAMES L. RUDZAVICE,

Petitioner-Appellant

v.

E. M. MEJIA, Warden; WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-809

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

James L. Rudzavice, federal prisoner # 36844-177, appeals the dismissal of a petition he filed under 28 U.S.C. § 2241. The district court construed the petition as a 28 U.S.C. § 2255 motion and dismissed it as successive and unauthorized.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rudzavice contends that the district court erred by construing the petition as a § 2255 motion.  Because the petition sought to challenge Rudzavice's conviction by arguing that 18 U.S.C. § 1470 is unconstitutionally vague, it was properly construed as a §2255 motion.  *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000); *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).  Because Rudzavice has filed at least one prior § 2255 motion, and because he neither sought nor obtained this court's authorization to file another one, dismissal was proper.  *See Pack*, 218 F.3d at 452; *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); 28 U.S.C. §§ 2244(b)(3), 2255(h).

Only in the limited circumstances provided by § 2255(e) may Rudzavice attack his conviction via § 2241.  *See Pack*, 218 F.3d at 452; § 2255(e).  To do so, he would have to show that the § 2255 remedy would be "inadequate or ineffective to test the legality of his detention."  § 2255(e); *see Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Pack*, 218 F.3d at 452.  The procedural limits on filing successive § 2255 motions do not render § 2255 ineffective or inadequate.  *Pack*, 218 F.3d at 452.  Rudzavice fails to make the allegations or showing required to bring his petition within the ambit of § 2255(e).  The district court correctly determined that the savings clause does not apply.

Rudzavice further asserts that the district judge was biased.  His conclusional assertions are no more than a disagreement with the judge's ruling, and he does not show a due process violation.  *See United States v. Couch*, 896 F.2d 78, 81-82 (5th Cir. 1990).

Rudzavice also argues that, before construing his petition as a § 2255 motion, the district court should have given him a warning under *Castro v. United States*, 540 U.S. 375 (2003).  *Castro* pertains to the recharacterization

No. 14-11143

of a first § 2255 motion.  *Id.*at 383.  Because the petition was not Rudzavice's first, the *Castro* warnings were unwarranted.

Rudzavice fails to show that the district court erred by dismissing his § 2241 petition as a successive and unauthorized § 2255 motion.  The judgment is AFFIRMED.