# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 16-20753

—————

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2017

Lyle W. Cayce
Clerk

PAUL JOSEPH ZEEDYK,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

—————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-781

—————

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

A jury convicted Paul Joseph Zeedyk, Texas prisoner # 1608279, of felony driving while intoxicated and found that he used or exhibited a deadly weapon during the offense. The district court denied Zeedyk's 28 U.S.C. § 2254 application challenging that criminal judgment, and this court denied a certificate of appealability (COA). After the Supreme Court denied Zeedyk's ensuing petition for a writ of certiorari, Zeedyk filed a motion in the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court that he styled as a Federal Rule of Civil Procedure 60(b) motion. In the motion, Zeedyk sought relief from the district court's denial of his § 2254 claim that the evidence was insufficient to support the deadly-weapon finding.

Zeedyk moves for a COA to appeal the district court's denial of the purported Rule 60(b) motion. Because Zeedyk's Rule 60(b) motion challenged the district court's determination that the deadly-weapon claim in his § 2254 application failed on the merits, the Rule 60(b) motion constituted an unauthorized second or successive § 2254 application. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005); *see also Preiser v. Rodriguez*, 411 U.S. 475, 487, 500 (1973) (holding that a writ of habeas corpus is a state prisoner's sole federal remedy for challenging the duration of his imprisonment in order to obtain a speedier release in the future). Thus, the district court lacked jurisdiction to consider the Rule 60(b) motion, and we lack jurisdiction to review the district court's denial of the motion on the merits. *See United States v. Key*, 205 F.3d 773, 774-75 (5th Cir. 2000).

Accordingly, the appeal is DISMISSED for want of jurisdiction, and the motion for a COA is DENIED as moot.