# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2018

Lyle W. Cayce
Clerk

No. 17-10683
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DENNIS RAY HAGAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:10-CV-47

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Dennis Ray Hagan, federal prisoner # 37592-177, was convicted after a jury trial of receipt of child pornography, possession of child pornography, and possession of child obscenity. Hagan was sentenced to 184 months in prison. He did not appeal. The district court denied his 28 U.S.C. § 2255 motion. His motion under Federal Rule of Civil Procedure 59(e), which was filed under seal at his request, was transferred to this court because

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it constituted an unauthorized successive § 2255 motion.  We dismissed his resulting appeal for want of prosecution.  His subsequent motion in this court for permission to file a successive § 2255 motion was denied.

Hagan now appeals the district court's denial of his motions to unseal and provide the pleadings filed in connection his Rule 59(e) motion.  He asserts that the district court purposefully prevented him from obtaining the records to harm him, prevent him from asserting claims and establishing his innocence, and allow law enforcement agents to conceal the fraudulent actions that underlie his prosecution.  Hagan contends that the district court's refusal to provide the records was unconstitutional and violated various federal statutes.

An indigent defendant has no constitutional right to a free copy of court records for use in a collateral proceeding.  *See United States v. MacCollom*, 426 U.S. 317, 325-26 (1976).  When Hagan filed his motions to unseal and provide records, no § 2255 motion or other action was pending in the district court. Neither had he obtained authorization from this court to file a successive § 2255 motion.  *See* 28 U.S.C. § 2244(b)(3); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).  Hagan has not alleged that the records are needed to avoid a possible injustice in another case, and he may not seek the records to conduct a "fishing expedition" for claims for relief.  *See United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993).  To the extent that the records in question are not otherwise accessible to him, Hagan has not shown that he is entitled to them.  *See id.*; *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970).

The district court thus did not err in denying Hagan's motions. This appeal is dismissed as frivolous.  *See* 5TH CIR. R. 42.2.  We caution Hagan that the filing of frivolous, repetitive, or otherwise abusive appeals may result in the imposition of sanctions.  These sanctions may include dismissal, monetary

No. 17-10683

sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.  Hagan should review any pending appeals to confirm that they are not frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.