# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40604
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS RANGEL FRIAS, also known as Mario Pedraza,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:06-CR-315-11

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Luis Rangel Frias, federal prisoner # 14131-078, appeals the district court's denial of his Federal Rule of Civil Procedure 60(d)(3) motion for relief from the 2007 judgment convicting him of, and sentencing him for, conspiracy to possess with the intent to manufacture and distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. He argues that the district court erred in determining that Rule 60(d)(3) did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

apply in criminal proceedings and in failing to take into consideration his allegations of fraud on the court based on impermissible misrepresentations by law enforcement in the warrant affidavit, which he contends resulted in his involuntary guilty plea.

Rule 60 does not apply in criminal proceedings. *See United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999); FED. R. CIV. P. 1. Thus, the district court did not err in denying Frias's Rule 60(d)(3) motion on this basis. Moreover, because Frias's Rule 60(d)(3) motion sought vacatur of his criminal judgment on the same underlying basis that he unsuccessfully alleged in his prior 28 U.S.C. § 2255 motion, the motion was properly construed as an unauthorized successive § 2255 motion, which the district court lacked jurisdiction to consider. *See* 28 U.S.C. § 2244(b)(3)(A); § 2255(h); *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Accordingly, the district court's judgment is AFFIRMED. *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).