# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2026

Lyle W. Cayce
Clerk

No. 26-10117
Summary Calendar
_____

Michael James Carson,

*Petitioner—Appellant*,

*versus*

Eric Guerrero, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-186

_____

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Michael James Carson, Texas prisoner # 02250040, moves this court for a certificate of appealability (COA) to challenge the district court's denial of his Federal Rule of Civil Procedure 60(b) motion, which sought relief from a 2024 judgment denying his 28 U.S.C. § 2254 application on procedural grounds and on the merits. In his Rule 60(b) motion, Carson raised claims

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-10117

that (i) the prosecution in his criminal proceedings committed misconduct by suppressing evidence, falsifying evidence, misrepresenting facts to the court and jury, and knowingly presenting perjured testimony and cumulative evidence; and (ii) his counsel was ineffective for failing to object to perjured testimony, misrepresentations of fact, and false allegations and failing to object to the suppression of Exhibit 41.

Because Carson raised claims that were either previously raised in his § 2254 proceeding or were new § 2254 claims and were not premised on a defect in the integrity of the prior § 2254 proceedings, his motion was in substance a successive habeas corpus application. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). Thus, the district court lacked jurisdiction to consider the motion, which constituted an unauthorized successive § 2254 application that required our prior authorization to proceed. *See* 28 U.S.C. § 2244(b)(3)(A); *Gonzalez*, 545 U.S. at 530-32; *United States v. Key*, 205 F.3d 773, 774-75 (5th Cir. 2000).

Accordingly, the district court's order denying relief on the Rule 60(b) motion is VACATED, and the case is REMANDED with instructions to dismiss the motion for lack of jurisdiction. *See Davis v. Sumlin*, 999 F.3d 278, 279-80 (5th Cir. 2021). Carson's request for a COA is DENIED as moot.