IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 24, 2008

Charles R. Fulbruge III
Clerk

No. 06-41696
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANTONIO BERRY, also known as Tony Berry

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:96-CV-722
USDC No. 1:92-CR-93-1

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Antonio Berry, federal prisoner # 03256-043, was convicted in 1993 of conspiracy to distribute cocaine. Berry filed the instant "Motion for Relief pursuant to FED. R. CIV. P. 60(b)(4) & (6)," challenging the district court's order denying his initial motion under 28 U.S.C. § 2255. Berry has applied to this court for a certificate of appealability (COA) from the district court's order denying the Rule 60(b) motion. See 28 U.S.C. § 2253(c)(1)(B).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Berry complained below that his attorney rendered ineffective assistance in advising him about the extent of his exposure at sentencing; that the district court erred at sentencing in adjusting his offense level because of his leadership role and because he obstructed justice; and that the application to him of amended versions of the Guidelines Manual violated the Ex Post Facto Clause. Berry contended that the district court's order denying the § 2255 motion was "void" because the district court failed to dispose of these issues in that order.

Because the substantive issues raised in the Rule 60(b) motion challenge the judgment of conviction and sentence, we regard the motion as a § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 530–32 & n. 4 (2005). Berry has not obtained leave of this court to file a successive § 2255 motion. See 28 U.S.C. § 2244(b)(3)(A); § 2255. Because § 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one," the district court was without jurisdiction to consider the action. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Accordingly, the appeal does not deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The request for a COA is DENIED.

Berry has failed to heed our warning in United States v. Berry, No. 02-40286 (5th Cir. Sept. 30, 2002) (unpublished), that frivolous filings will result in the imposition of a sanction. Berry shall pay a monetary SANCTION to the clerk of this court in the amount of $100. The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any pro se pleading from Berry challenging his conviction or sentence unless Berry submits proof of satisfaction of this sanction. If Berry attempts to file in this court any such pleadings, the clerk will docket them for administrative purposes only. Any submissions which do not show proof that the sanction has been paid will neither be addressed nor acknowledged.

COA DENIED; SANCTION IMPOSED.