# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 13, 2012

Lyle W. Cayce
Clerk

No. 11-40291
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTONIO BERRY, also known as Tony Berry,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:92-CR-93-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Antonio Berry, federal prisoner # 03256-043, appeals the district court's order of March 2, 2011, which struck his pro se pleading requesting a sentencing reduction pursuant to Amendment 505 to the Sentencing Guidelines and denied on the merits Berry's motion for a reduction in his sentence based on Amendment 706. Berry filed a motion to proceed in forma pauperis ("IFP") on appeal. Berry also filed a motion for judicial notice, which we construe as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40291

supplemental brief, stating that he only intended to appeal the district court's denial of his request for a sentencing reduction pursuant to Amendment 505. As we conclude that Berry has waived the only issue raised in his notice of appeal by failing to brief it, we DISMISS his appeal.

Although pro se briefs are afforded liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), Berry's notice of appeal specifically designates the district court's decision to strike his pro se pleading as the order from which he appeals. The district court's order did not address Berry's Amendment 505 claim on the merits.   However, Berry's appellate brief is devoted entirely to the purported merits of that claim, as well as to an argument that his sentence violates the Ex Post Facto Clause of the Constitution.  His brief is devoid of any argument that the district court's decision to strike his pro se pleading was improper.  Berry has thus waived the only issue he raised in his notice of appeal by failing to brief it.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) ("'Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.'" (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir.1988))).

Berry has filed repeated frivolous sentencing challenges and appeals thereof.  This appeal is frivolous as he fails to brief the only point he appealed. He has previously been warned to cease frivolous filings, *see United States v. Berry*, 51 F. App'x 483 (5th Cir. 2002) (per curiam) (unpublished), and he was previously sanctioned, *see United States v. Berry*, 262 F. App'x 614 (5th Cir. 2008) (per curiam) (unpublished), but the warning and sanction have apparently fallen on deaf ears.  Accordingly, Berry shall pay a monetary SANCTION to the clerk of this court in the amount of $200.  The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any pro se pleading from Berry challenging this conviction or sentence unless Berry submits proof of satisfaction of this sanction.  If Berry attempts to file in this or

No. 11-40291

any federal district court any such pleadings, the clerk will docket them for administrative purposes only. Any submissions which do not show proof that the sanction has been paid will be dismissed.

Berry's appeal is DISMISSED, his motion to proceed IFP is DISMISSED as moot, and a SANCTION is issued.