7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abdulah F. GORDON, a/k/a"Bee", a/k/a Ricky Gordons, a/k/a
Rass, Defendant-Appellant.
 No. 92-5155.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 14, 1992.
Decided: September 29, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CR-91-118)
 John Maurice Hassett, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before WIDENER, HALL, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Abdulah F. Gordon was convicted by a jury of distributing crack cocaine (21 U.S.C.A. § 841 (West Supp. 1991)), being a felon in possession of a firearm (18 U.S.C.A. § 922(g) (West Supp. 1992)), and possessing a firearm in a drug trafficking crime (18 U.S.C.A. § 924(c) (West Supp. 1992)). He appeals his conviction and also contends that the district court erred in failing to depart downward when sentencing him. We affirm the conviction and dismiss Gordon's appeal of his sentence.
 
 
 2
 Gordon, who is Jamaican, sold crack cocaine to an undercover state agent on two occasions, made a number of recorded phone calls which set up a third sale, and was arrested after a search of the apartment where he was living. During the search, police found crack, a loaded gun, and false identification bearing Gordon's picture in the pockets of a jacket he had worn both times he sold crack to the agent. At his trial, Gordon denied selling drugs to the agent, denied arranging a third sale, and denied owning or wearing the jacket.
 
 
 3
 In this appeal, Gordon maintains that the district court abused its discretion in admitting evidence of the facts underlying his prior state drug conviction. The court allowed the state trooper who arrested Gordon on the New Jersey Turnpike to testify that Gordon fled, was captured, and that the trooper then walked a mile along the highway with Gordon. The trooper positively identified Gordon as the same person he had arrested.
 
 
 4
 Rule 403 of the Federal Rules of Evidence permits the admission of all relevant evidence which is not unfairly prejudicial, misleading, or cumulative. The district court's decision to admit evidence under this rule is discretionary, and is not disturbed except in extraordinary circumstances, where it has abused its discretion. United States v. Simpson, 910 F.2d 154 (4th Cir. 1990). No abuse of discretion appears here, especially in view of Gordon's refusal to stipulate to the prior conviction and his later testimony that he had been mistaken for someone else of the same name several times by law enforcement authorities.*
 
 
 5
 Gordon also argues that the district court erred in admitting expert evidence concerning the buttons on the black jacket, which were of a color and style popular in Jamaica. Gordon contends that this evidence unfairly suggested a connection with Jamaican drug gangs. However, the government was careful to establish that the buttons were not in themselves evidence of drug activity. Because Gordon denied owning or wearing the jacket, the evidence was relevant and not unfairly prejudicial, and its admission was not an abuse of discretion.
 
 
 6
 Last, Gordon argues that the district court abused its discretion in failing to depart. However, a refusal to depart is not reviewable. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S. 1990). Therefore, this portion of the appeal must be dismissed.
 
 
 7
 Accordingly, we affirm the judgment of the district court, but dismiss Gordon's appeal of the district court's failure to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART; DISMISSED IN PART
 
 
 *
 Even if the admission of the facts of the New Jersey conviction was improper, the error was harmless in light of the overwhelming evidence against Gordon. See Fed. R. Crim. P. 52(a)