**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-31246
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SHELDON W HANNER

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CR-10028-1

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Sheldon W. Hanner was convicted, following a jury trial, of possession of seven firearms and ammunition by a person previously convicted of a felony. He was sentenced to 300 months of imprisonment and to a five-year term of supervised release. He contends that the district court abused its discretion in admitting a photograph depicting one of the firearms because there was a Confederate flag hanging in the background. He asserts that given the racial

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tensions in LaSalle Parish due to the so-called "Jena Six" case, the photograph was unduly prejudicial and served little probative value since he never contested the fact that he owned the house.

"Evidentiary rulings are reviewed for an abuse of discretion." *United States v. Setser*, 568 F.3d 482, 493 (5th Cir. 2009). If the district court abused its discretion in its evidentiary ruling, then review is under the harmless error doctrine. *United States v. Sanders*, 343 F.3d 511, 517 (5th Cir. 2003). "Reversible error occurs only when the admission of evidence substantially affects the rights of a party." *United States v. Crawley*, 533 F.3d 349, 353 (5th Cir.), *cert. denied*, 129 S. Ct. 522 (2008).

At trial, the only issue contested was whether Hanner knowingly possessed the firearms. The photograph at issue documented the exact location of the firearm prior to the sheriff's officer's entry onto the porch of Hanner's home. The photograph exhibited how the firearm was in plain view and how accessible it was to Hanner, which is clearly probative as to whether he constructively possessed the firearms. Hanner offers nothing but the conclusory assertion that the photograph was prejudicial given the fact that the "Jena Six" case occurred in LaSalle Parish and there were African-Americans on his jury. As the Government points out, there is no evidence that any of the jurors were, in fact, from LaSalle Parish. Furthermore, Hanner's trial occurred almost a year after the September 2007 civil rights march that resulted from the controversy surrounding the "Jena Six" case. Thus, given the "especially high level of deference" accorded the district court, Hanner has failed to demonstrate a clear abuse of discretion by the district court in admitting the photograph. *See United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007).

Finally, even if the district court erred by admitting the photograph, such error was harmless given the overwhelming evidence of Hanner's guilt. *See, e.g.*, *United States v. Williams*, 957 F.2d 1238, 1243-44 (5th Cir. 1992). Testimony at trial showed that seven firearms and various types of ammunition were found

in Hanner's house, shed, and the truck he was driving. Most of the firearms and ammunition recovered were found in plain view and very accessible to Hanner. There was ample evidence to prove that Hanner knowingly possessed the firearms and ammunition. *Cf. United States v. Fields*, 72 F.3d 1200, 1212 (5th Cir. 1996). Accordingly, the judgment of the district court is AFFIRMED.