# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2013

Lyle W. Cayce
Clerk

No. 12-30479

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHELDON W. HANNER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-1776

Before REAVLEY, DAVIS, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Sheldon W. Hanner was convicted in 2008 of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). The district court found that Hanner's prior Louisiana conviction for manslaughter was a qualifying violent felony pursuant to the Armed Career Criminal Act (ACCA), and the court sentenced him to an enhanced sentence of 300 months in prison. Although he objected to the enhancement at sentencing,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30479

Hanner did not renew his argument on direct appeal, and we affirmed his conviction. *United States v. Hanner*, 354 F. App'x 7 (5th Cir. 2009). Hanner subsequently filed a 28 U.S.C. § 2255 motion, arguing that his appellate counsel rendered ineffective assistance for failing to pursue on direct appeal the claim that his manslaughter conviction was not a violent felony. The district court denied relief. We granted Hanner a certificate of appealability, and we now AFFIRM.

When reviewing the denial of a § 2255 motion based on ineffective assistance of counsel, we review the district court's legal conclusions de novo and its findings of fact for clear error. *United States v. Cong Van Pham*, 722 F.3d 320, 323 (5th Cir. 2013). To prove ineffective assistance of his appellate counsel, Hanner had to show "(1) 'that counsel's performance was deficient' and (2) 'that the deficient performance prejudiced the defense.'" *Higgins v. Cain*, 720 F.3d 255, 261 (5th Cir. 2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). The prejudice prong in this context required Hanner to show that this court would have afforded him relief on appeal, and we must therefore decide the probable outcome had his counsel raised the issue Hanner now claims should have been raised. *See United States v. Reinhart*, 357 F.3d 521, 530 (5th Cir. 2004).

The ACCA requires enhanced sentences for convictions of firearms offenses under § 922(g) if the defendant has at least three prior convictions for "violent felonies" or serious drug offenses. *See* § 924(e)(1). A "violent felony" is defined as a crime that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2). To determine whether a defendant's prior conviction qualifies as a

2

No. 12-30479

violent felony under the ACCA, we apply the categorical approach, first announced in *Taylor v. United States*, 495 U.S. 575, 602, 110 S. Ct. 2143, 2160 (1990), that looks only to "the elements of the statute of conviction rather than a defendant's specific conduct." *See United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir. 2013) (en banc).

"[W]hen a statute can be violated in a way that constitutes a violent felony and in a way that does not, we review other judicial documents to make the determination." *United States v. Espinoza*, 733 F.3d 568, 571 (5th Cir. 2013). This so-called "modified categorical approach" applies to divisible statutes that set out one or more potential offense elements in the alternative. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). When a statute sets forth alternative elements, courts may implement the categorical approach by examining a limited class of documents to determine which of the alternative elements formed the basis of the prior conviction. *Id.*; *see United States v. Miranda–Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012) ("We may take a modified categorical approach, permitting consultation of the allegations in the charging instrument, if the statute of conviction has disjunctive elements.").

In the instant case, Hanner was convicted in 1984 under the Louisiana manslaughter statute, which defines the offense in multiple, disjunctive ways. First, manslaughter includes a homicide which would be first or second degree murder, but which "is committed in sudden passion or heat of blood." LA. REV. STAT. ANN. § 14:31(A)(1). Second, manslaughter is also defined as a homicide, without intent to cause death or great bodily harm, when the defendant (a) "is engaged in the perpetration or attempted perpetration of any felony not enumerated in Article 30 or 30.1, or of any intentional misdemeanor directly affecting the person," or (b) "is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing

3

would not be murder under Article 30 or 30.1." LA. REV. STAT. ANN. § 14:31(A)(2).

Because the Louisiana statute provides for alternative versions of the crime of manslaughter, we may look to "'conclusive records made or used in adjudicating guilt'" to determine under which alternative statutory phrase Hanner was convicted. *United States v. McCann*, 613 F.3d 486, 502 (5th Cir. 2010) (quoting *Shepard v. United States*, 544 U.S. 13, 21, 125 S. Ct. 1254, 1260 (2005)); *see also Descamps*, 133 S. Ct. at 2285. When, as in the instant case, a defendant's prior conviction was based on a guilty plea, the conclusive records include "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26, 125 S. Ct. at 1263. The Government has supplemented the record in this case with documents from Hanner's state court proceedings. *See United States v. Vargas-Soto*, 700 F.3d 180, 183-84 (5th Cir. 2012).

In *Descamps*, the Court made clear that the key "is elements, not facts." *Descamps*, 133 S. Ct. at 2283. We do not examine the defendant's plea to determine "what the defendant and state judge must have understood as the factual basis of the prior plea." *See id.* at 2284 (internal quotation marks and citation omitted). Rather, we seek "to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." *Id.* at 2293. In other words, we must determine what elements the defendant was convicted of, not what he actually did. *See id.* at 2287-88.

The instant case is somewhat unusual and presents a challenge to determining Hanner's crime of conviction, which is the starting point under the categorical or modified categorical approach. There is no charging

instrument or written plea agreement governing Hanner's prior manslaughter conviction from which we may determine the elements of the manslaughter offense that formed the basis for Hanner's conviction.  Instead, the state court record shows that Hanner was initially indicted for the second-degree murder of his wife.  Hanner proceeded to a jury trial, but the jury hung.  Hanner then orally agreed to plead guilty to a reduced offense of manslaughter, and he stipulated that the trial record would be introduced to establish the factual basis for the offense.  Significantly, the parties agreed to "let the [c]ourt decide in sentencing which part of the statute applies to the conduct to which [Hanner] is pleading guilty."

Having been left from the defendant's explicit plea to decide the statutory basis for the conviction, the state court found, in relevant part, that "the crime would fall under the manslaughter article for the reason that the defendant was engaged in simple kidnapping at the time the homicide was committed and death resulted.  So it is on that basis that the Court has considered this case. . . . [A]nd in the course of the taking of his wife from one place to the other by force and without her consent the death of his wife resulted.  And that is the basis on which I have considered this."

Based on Hanner's plea, therefore, the elements of the offense for which Hanner was convicted are that a homicide occurred during the commission of simple kidnapping, which included the element of forcibly taking Hanner's wife from one place to another.  *See* § 14:31(A)(2)(a); *see also* LA. REV. STAT. ANN. § 14:45 (defining simple kidnapping disjunctively to include "[t]he intentional and forcible seizing and carrying of any person from one place to another without his consent").  Hanner's prior manslaughter offense therefore included as an element the use or attempted use of physical force.

5

It is true that in *McCann*, we held that the defendant's prior manslaughter conviction under § 14:31(A)(2) was not a crime of violence under the Sentencing Guidelines because "it is possible to be convicted of manslaughter in Louisiana if a death occurred during a non-violent offense like a theft." *McCann*, 613 F.3d at 503; s*ee also United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) (noting that we treat cases dealing with crime of violence provisions under the Sentencing Guidelines and the ACCA interchangeably). We held there that the district court had improperly relied solely on the presentence report's characterization of the prior offense as having been for a crime of violence. *See McCann*, 613 F.3d at 502-03.

In the instant case, however, Hanner did not merely plead guilty to an unspecified offense under § 14:31(A)(2), which could implicate *McCann*'s holding. Instead, he pleaded guilty to an offense while allowing the trial court to determine the statutory charge for his conduct. Having made that choice, Hanner then pleaded guilty to the elements of the crime of conviction assigned by the state court, *viz.* a homicide during a simple kidnapping with a violent taking of a person from one place to another. This is not a case where we are called upon to make *post hoc* judicial fact findings about Hanner's violent conduct, and indeed we may not do so. *See Descamps*, 133 S. Ct. at 2288. Instead, the unusual nature of Hanner's plea resulted in the trial court, rather than a charging instrument, narrowing the elements of the crime of conviction to include the use of force.

Because his prior conviction was for a violent felony, Hanner cannot show that his appellate counsel was ineffective for failing on direct appeal to challenge the sentence enhancement, or that he suffered prejudice as a result. The district court's judgment is therefore AFFIRMED.

No. 12-30479

STEPHEN A. HIGGINSON, Circuit Judge, dissenting:

Because I perceive no latitude after *Descamps* for Hanner's heinously violent felony manslaughter offense to qualify as a violent felony for purposes of the Armed Career Criminal Act, I respectfully dissent. *See Descamps v. United States*, --- U.S. ---, 133 S.Ct. 2276, 2290 (2013) (limiting application of the modified categorical approach to statutory text that is "explicitly divisible"). Furthermore, I am concerned that the state judge's discussion of Hanner's manslaughter offense at sentencing does not fall within the class of documents that courts can consider when determining whether an offense qualifies as a violent felony under the modified categorical approach. *See Shepard v. United States*, 544 U.S. 13, 26 (2005).