# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30762
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LONNIE POYDRAS,

Defendant-Appellant

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CR-121-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

A jury convicted Appellant of possessing a firearm after having been previously convicted of a qualifying felony under 18 U.S.C. § 922(g).  On appeal, Appellant argues that the district court abused its discretion by admitting into evidence, over Appellant's timely objection, the name of Appellant's prior felony conviction.  Specifically, Appellant's prior conviction was for conspiracy to commit armed robbery.  In Appellant's view, the admission of the name of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the prior conviction was more prejudicial than probative under Rule 403 of the Federal Rules of Evidence.

Where the party challenging a district court's evidentiary ruling makes a timely objection, we review the district court's ruling for abuse of discretion.[1] If we find abuse of discretion in the admission of evidence, we review for harmless error.[2] Under Rule 52(a) of the Federal Rules of Criminal Procedure, an error is harmless unless there is a reasonable probability that the improperly admitted evidence contributed to the conviction.[3]

In the present case, the district court did not abuse its discretion by admitting the name of Appellant's prior conviction. Here, unlike the criminal defendant in *Old Chief v. United States*, 519 U.S. 172, 190 (1997), and the other cases cited in Appellant's brief,[4] Appellant refused to stipulate to the fact of his previous qualifying felony.

The present case therefore cannot be materially distinguished from *United States v. Banks*, 553 F.3d 1101, 1103-07 (8th Cir. 2009). In *Banks*, the Eighth Circuit affirmed a district court's decision during a trial under 18 U.S.C. § 922(g) to admit the names of the defendant's two previous convictions, including a previous conviction for possession of a firearm.[5] As in the present case, the defendant in *Banks* had also refused to stipulate to the fact of his previous qualifying felony. In the absence of a stipulation, as the Eighth Circuit explained, the name of the defendant's previous felony was relevant to

---

[1] *United States v. Sumlin*, 489 F.3d 683, 688 (5th Cir. 2007); *United States v. Hernandez-Guevara*, 162 F.3d 863, 869-70 (5th Cir. 1998).

[2] *Sumlin*, 489 F.3d at 688 (citing *Hernandez-Guevara*, 162 F.3d at 869-70).

[3] *Id.* (citing *United States v. Williams*, 957 F.2d 1238, 1242 (5th Cir. 1992)).

[4] *See United States v. Coleman*, 552 F.3d 853, 859 (D.C. Cir. 2009) ("Here, appellant offered to stipulate his felon status."); *United States v. Wacker*, 72 F.3d 1453, 1471 (10th Cir. 1995) ("Lipp objected . . . and offered to stipulate to the fact of his prior convictions."); *United States v. Jones*, 67 F.3d 320, 321 (D.C. Cir. 1995) ("Jones' attorney had offered to stipulate to the fact that Jones had a prior felony conviction . . . .").

[5] *See Banks*, 553 F.3d at 1103 n.3.

No. 13-30762

determining whether the defendant fell within the exception created by 18 U.S.C. § 921(a)(20):

> At trial, Banks refused to stipulate to the fact that he had prior felony convictions and moved to exclude the names of the prior convictions. He attempted to limit the government's proof to the fact of a conviction punishable by a term of imprisonment exceeding one year. The district court denied the motion, stating that the government could not meet its burden of proof without the names of the prior felonies because certain felonies cannot be used to support a felon-in-possession charge . . . . 18 U.S.C. § 921(a)(20) excludes from the definition of a "crime punishable by imprisonment for a term exceeding one year" certain crimes, including "antitrust violations, unfair trade practices, restraints of trade . . . or . . . any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." The government needed to prove, therefore, that Banks's prior crimes triggered the conviction as a felon in possession of a firearm.[6]

The Eighth Circuit therefore found no abuse of discretion in *Banks*.[7] The Fourth Circuit and the Supreme Court of California have applied a similar analysis where a criminal defendant refused to stipulate to a prior conviction.[8] The D.C. Circuit also emphasized in *United States v. Cassell*, 292 F.3d 788, 796 (D.C. Cir. 2002), that "evidence of prior gun possessions" does not have "an automatic unfair and substantial prejudicial effect on the jury" even "in a subsequent trial for gun possession," so long as the evidence is offered for a proper purpose.

Based on these authorities, we conclude that the district court did not

---

[6] *Id.* at 1103-07.

[7] *Id.*

[8] *United States v. Gordon*, 7 F.3d 227, at *1 (4th Cir. 1993) ("No abuse of discretion appears here, especially in view of Gordon's refusal to stipulate to the prior conviction . . . ."); *People v. Stewart*, 93 P.3d 271, 308-09 (2004) ("Here, however, defense counsel *refused* to stipulate generally to his client's felon status . . . . For this reason, the present case is distinguishable from . . . *Old Chief*.").

abuse its discretion. Appellant's refusal to stipulate to his felony status made it impossible for the prosecutors to address the exception under 18 U.S.C. § 921(a)(20) without presenting some evidence regarding the nature of Appellant's prior conviction.[9]

Moreover, in the present case, even if the district court had abused its discretion under Rule 403, such error would have been harmless because there was no prejudice to Appellant. The district court instructed the jury to consider only Appellant's guilt with respect to "the crime charged," and to disregard "any acts, conduct, or offense not alleged in the indictment." As we held in *United States v. Garcia*, 567 F.3d 721, 728-29 (5th Cir. 2009), and *United States v. Parziale*, 947 F.2d 123, 129 (5th Cir. 1991), limiting instructions of this kind are sufficient to guard against the risk of unfair prejudice.

Finally, any error related to the name of Appellant's previous felony was harmless error because of the overwhelming evidence of Appellant's guilt, as the government has demonstrated beyond a reasonable doubt.[10] A conviction under 18 U.S.C. § 922(g) requires proof that the defendant (1) has been convicted of a qualifying felony, (2) possessed a firearm in or affecting interstate commerce, and (3) knew that he was in possession of the firearm.[11]

---

[9] Generally speaking, we do not disagree with the principle articulated in dicta by the Tenth Circuit in *United States v. Bagby*, 696 F.3d 1074, 1085 n.11 (10th Cir. 2012), that "the rationale of *Old Chief* . . . i.e., that only the *fact* of prior conviction is relevant to a § 922(g) charge—is persuasive even where the defendant refuses to stipulate to that fact." At the same time, the *Bagby* decision did not mention the exception under 18 U.S.C. § 921(a)(20) or account for this particular exception's effect on the *Old Chief* analysis. Where prosecutors are obliged to demonstrate that a defendant's previous conviction does not fall within that exception, and where a criminal defendant refuses to stipulate to this fact, the rationale of *Old Chief* cannot prevent district courts from admitting evidence on this element of the offense.

[10] *See United States v. Carrillo*, 660 F.3d 914, 927 (5th Cir. 2011); *United States v. McCall*, 553 F.3d 821, 827 (5th Cir. 2008).

[11] *United States v. Mudd*, 685 F.3d 473, 477 (5th Cir. 2012); *United States v. Ybarra*, 70 F.3d 362, 365 (5th Cir. 1995).

No. 13-30762

Of these three elements, Appellant contested only his knowledge that the firearm was in his possession. However, the testimony during the trial showed that Appellant was the owner, driver, and sole occupant of the vehicle in which the firearm was found lying in plain view. These facts, which Appellant never attempted to rebut during trial, are sufficient to establish that possession was knowing.[12]

For these reasons, the district court is AFFIRMED.

AFFIRMED.

---

[12] *See United States v. Fields*, 72 F.3d 1200, 1212 (5th Cir. 1996) ("Because Ross jointly occupied the house . . . , the fact that the shotgun was found in plain view, leaning against a wall, is sufficient to establish that he had knowledge of and access to the shotgun."); *see also United States v. Hanner*, 354 F. App'x 7, 9 (5th Cir. 2009) ("Most of the firearms and ammunition recovered were found in plain view and very accessible to Hanner. There was ample evidence to prove that Hanner knowingly possessed the firearms and ammunition.").