PER CURIAM:
Michael Lara Salas, federal prisoner # 54427-080, seeks authorization to file a second or successive 28 U.S.C. § 2255 motion. In accordance with a written plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Salas is serving a 288-month sentence for trafficking in cocaine and heroin. None of Salas's proposed claims are based on newly discovered evidence. See § 2255(h)(1).
In pertinent part, Salas asserts that he is entitled to relief under Burrage v. United States , --- U.S. ----, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014). In Burrage , the Supreme Court held that, in order to apply the mandatory sentence under 21 U.S.C. § 841(b)(1)(C) for a death resulting from the defendant's drug trafficking, it is necessary to establish beyond a reasonable doubt that the death would not have occurred "but for" the defendant's conduct. Burrage , 134 S.Ct. at 887-92. However, Burrage was decided on direct appeal, and nothing suggests that the Supreme Court has made Burrage retroactive to cases on collateral review. See § 2255(h)(2). Moreover, in Burrage the Court was interpreting a statute, § 841(b)(1)(C), and did not announce a new rule of constitutional law. See Burrage , 134 S.Ct. at 885-92 ; Santillana v. Upton , 846 F.3d 779, 783 (5th Cir. 2017) (addressing savings clause issue and concluding that Burrage was a new rule of *151 statutory law). Salas fails to satisfy the requirements of § 2255(h).
IT IS ORDERED that Salas's motion for authorization to file a successive § 2255 motion is DENIED.