# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2021

Lyle W. Cayce
Clerk

No. 21-10936

In re: Joel Rodriguez,

*Movant.*

Motion for an order authorizing
the United States District Court for the
Northern District of Texas to consider
a successive 28 U.S.C. § 2255 motion

Before Stewart, Haynes and Ho, *Circuit Judges*.

Per Curiam:

Joel Rodriguez, federal prisoner # 42309-177, moves for authorization to file a successive 28 U.S.C. § 2255 motion challenging his conviction for possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He seeks to raise a claim pursuant to *Borden v. United States*, 141 S. Ct. 1817 (2021).

To obtain authorization to file a second or successive § 2255 motion, Rodriguez must make a prima facie showing that his proffered § 2255 motion relies on either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable." § 2255(h); *see* 28 U.S.C. § 2244(b)(3)(C); *Reyes-Requena v. United States*, 243 F.3d 893, 897-99 (5th Cir. 2001). *Borden* does not provide a basis on which Rodriguez may obtain authorization under § 2255(h)(2) because it did not announce a new rule of constitutional law but instead addressed a question of statutory construction. *See Borden*, 141 S. Ct. at 1825; *see also In re Cain*, No. 21-13241, 2021 U.S. App. LEXIS 30205 *6 (11th Cir. Oct. 7, 2021)("The Supreme Court's interpretation of a substantive criminal statute, using established rules of statutory construction, does not announce a new rule of constitutional law . . . ."); *In re Salas*, 888 F.3d 150, 150-51 (5th Cir. 2018); *Reyes-Requena*, 243 F.3d at 900.

Accordingly, because Rodriguez fails to make the requisite showing under § 2255(h), IT IS ORDERED that his motion for authorization is DENIED.