# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2022

Lyle W. Cayce
Clerk

No. 20-30420

United States of America,

*Plaintiff—Appellee*,

*versus*

Sheldon W. Hanner,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CV-1063

Before Southwick, Haynes, and Higginson, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:

Sheldon Hanner, federal prisoner # 13875-035, appeals the district court's order denying his second 28 U.S.C. § 2255 motion. In 2008, Hanner, who had previously been convicted of aggravated burglary, manslaughter, and second degree battery, was convicted of being a felon in possession of a firearm and sentenced to 300 months imprisonment under the Armed Career Criminal Act (ACCA), which mandates a 15-year minimum prison sentence for certain persons with three previous "violent felony" convictions. *See* 18 U.S.C. § 924(e). After Hanner's sentence was upheld both on direct appeal and in an initial § 2255 proceeding, Hanner moved this court for

No. 20-30420

authorization to file a second § 2255 motion, arguing that given the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), his aggravated burglary conviction does not qualify as a "violent felony" for purposes of ACCA. We granted the motion, expressly mentioning only Hanner's aggravated burglary and second degree battery convictions in our order. However, after the proceeding was transferred to the district court, Hanner argued for the first time that *Johnson* also applies to his manslaughter conviction, and his appeal raises this issue exclusively. Because Hanner neither asked for nor received authorization to raise this issue in his second § 2255 motion, we VACATE the district court's order in part and DISMISS Hanner's motion to the extent that it raises this issue. The district court's order is otherwise AFFIRMED.

I.

In 2008, a jury convicted Sheldon W. Hanner of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). Pursuant to the Armed Career Criminal Act, which mandates a 15-year minimum sentence for § 922(g) defendants who have, inter alia, three previous "violent felony" convictions, *see* 18 U.S.C. § 924(e), the presentence report (PSR) assessed Hanner a total offense level of 34 and a statutory sentencing range of 15 years to life imprisonment. The PSR cited a 1978 Louisiana aggravated burglary conviction, a 1984 Louisiana manslaughter conviction, and 1995 Louisiana second degree battery conviction as predicates for the ACCA enhancement.

Hanner objected to the PSR's use of his manslaughter conviction as an ACCA predicate. The sentencing court overruled his objection, though without specifying which of § 924(e)(2)(B)'s three clauses it was relying on to conclude that Hanner's manslaughter conviction qualifies as a "violent

2

No. 20-30420

felony" for purposes of the statute.[1] Hanner was then sentenced to 300 months imprisonment and five years of supervised release.

We affirmed Hanner's conviction on direct appeal. *United States v. Hanner*, 354 F. App'x 7, 9 (5th Cir. 2009). Hanner did not challenge his sentence in that appeal. *See id.* at 8-9. However, he subsequently filed a 28 U.S.C. § 2255 motion arguing that his appellate counsel rendered ineffective assistance for failing to pursue the claim that his conviction for manslaughter was not a "violent felony." The district court denied the motion, and we affirmed, concluding that Hanner's manslaughter conviction qualifies as a "violent felony" under § 924(e)(2)(B)'s "elements clause" and therefore that Hanner's appellate counsel did not render ineffective assistance. *United States v. Hanner*, 549 F. App'x 289, 291-93 (5th Cir. 2013).

After the denial of Hanner's initial § 2255 motion, the Supreme Court held in *Johnson v. United States* that § 924(e)(2)(B)'s "residual clause" is unconstitutionally vague. 576 U.S. 591, 593-97 (2015) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). Hanner subsequently moved this court for authorization to file a successive § 2255 motion,[2] arguing that, in light of *Johnson*, his prior conviction for aggravated burglary no longer qualifies as an ACCA predicate.

---

[1] Section 924(e)(2)(B) defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The first clause is known as the "elements clause"; the beginning of (ii) is known as the "enumerated offenses clause"; and the italicized portion of (ii) is known as the "residual clause." *United States v. Taylor*, 873 F.3d 476, 477 n.1 (5th Cir. 2017).

[2] *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."); *see also Reyes-Requena v. United States*, 243 F.3d 893, 897-99 (5th Cir. 2001) (describing requirements for certification).

No. 20-30420

We issued an unpublished order tentatively granting the motion, explaining as follows:

> In this case, an ACCA enhancement was applied, in part, based on Hanner's Louisiana convictions for aggravated burglary and second degree battery. We cannot determine from the available record whether the district court's enhancement of Hanner's sentence under § 924(e) implicates the ACCA's residual clause. Therefore, Hanner has made a sufficient showing of possible merit to warrant a fuller exploration by the district court. Accordingly, IT IS ORDERED that the motion for authorization is GRANTED. Our grant of authorization is tentative in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Hanner has failed to make the showing required to file such a motion.

*In re Hanner*, No. 16-30589 (5th Cir. July 15, 2016) (internal quotation marks and citations omitted). We then directed the Clerk to transfer the motion and related pleadings to the district court. *Id.*

In the district court, Hanner argued that all three of his prior convictions—his manslaughter conviction as well as his aggravated burglary and second degree battery convictions—do not qualify as ACCA predicates in light of *Johnson*. The district court initially concluded that Hanner had made the requisite showing to reach the merits of his § 2255 motion. However, after the Government filed a motion to reconsider, the court vacated its earlier order and issued a new order denying Hanner's motion. The district court explained that "there has never been any question regarding the applicability under the ACCA of [Hanner's] prior offenses for aggravated burglary and second degree battery. Hanner's defense admitted as much. The only remaining issue at the time of sentencing was whether the third conviction, for manslaughter, qualified as a 'violent felony.'" However, because the Fifth Circuit had "determined that the manslaughter conviction

4

was indeed a crime of violence" on Hanner's initial § 2255 appeal, the district court concluded that "the issue of whether the manslaughter charge qualified [as a 'violent felony'] has been foreclosed" and that "any inquiry into whether [the sentencing] court thought, or not, about whether this offense was under the 'residual clause' is moot." Alternatively, the district court determined that even if it the issue were not foreclosed, "Hanner has not met the burden of proof necessary to allow for any change in the sentence previously imposed," reasoning that "if it is unclear from the record whether [the sentencing court] relied on the residual clause, Hanner—who bears the burden of proof—loses."

Hanner filed a notice of appeal and moved for a certificate of appealability (COA).[3] The district court granted Hanner a COA on the following two issues:

> (1) Whether the district court reviewing a prisoner's petition seeking the district court's authorization to file a successive § 2255 motion raising a *Johnson* claim can consider legal and factual developments in the case that occurred after the original sentencing hearing?

> (2) Whether, considering 'the sentencing record for direct evidence of a sentence,' *United States v. Wiese*, 896 F.3d 720, 725 ([5th Cir.] 2018), the district court more likely than not sentenced Hanner under the residual clause of the ACCA?

Then, after the parties had filed their initial briefs in this court, we requested that they file supplemental briefs addressing whether the district court lacked

---

[3] "[I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." FED. R. APP. P. 22(b)(1). *See also* 28 U.S.C. § 2253(c)(2)-(3) (providing that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right" and that a COA "shall indicate which specific issue or issues satisfy" this requirement).

jurisdiction over Hanner's claim regarding his manslaughter conviction, given that the order granting Hanner permission to file a successive § 2255 motion expressly mentioned only Hanner's aggravated burglary and second-degree battery convictions.

## II.

On appeal, Hanner argues that the sentencing court likely relied on § 924(e)(2)(B)'s residual clause when determining that his 1984 manslaughter conviction qualifies as a "violent felony" for purposes of ACCA, in violation of *Johnson*, and that the district court erred by considering factual and legal developments that had occurred after the original sentencing hearing when denying his § 2255 motion. The district court concluded that this issue of whether Hanner was sentenced under the residual clause was foreclosed by our decision in Hanner's initial § 2255 appeal, *see Hanner*, 549 F. App'x at 291-93 (determining that Hanner's manslaughter conviction qualifies as a "violent felony" under § 924(e)(2)(B)'s elements clause), and, alternatively, that Hanner had not met his burden of proof on this issue.

As a threshold matter, we must determine whether the district court had jurisdiction to consider the arguments that Hanner raised regarding his manslaughter conviction. "We must always be sure of our appellate jurisdiction and, if there is doubt, we must address it, sua sponte if necessary." *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999). "If the district court lacked jurisdiction, our jurisdiction extends not to the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (cleaned up).

A strict set of jurisdictional rules governs proceedings involving successive § 2255 motions. As we have previously explained, "[t]here are

two requirements, or 'gates,' which a prisoner making a second or successive habeas motion must pass to have it heard on the merits." *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018). At the first gate,

> we must grant the prisoner permission to file a second or successive motion, which requires the prisoner to make a "prima facie showing" that the motion relies on a new claim resulting from either (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) newly discovered, clear and convincing evidence that but for the error no reasonable fact finder would have found the defendant guilty.

*Id.* (citing 28 U.S.C. §§ 2244(b)(2), (3)(A), (3)(C), 2255(h)). At the second gate, "the prisoner must actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence. If the motion does not, the district court must dismiss without reaching the merits." *Id.* (citing 28 U.S.C. § 2244(b)(2), (4)).

By considering Hanner's claim that his manslaughter conviction did not count as an ACCA predicate after *Johnson*, the district court tacitly assumed that Hanner had already passed through the first jurisdictional gate with respect to that issue. However, when Hanner moved this court for authorization to file a second § 2255 motion, he argued only that his aggravated burglary conviction no longer qualifies as an ACCA predicate, and when we granted his motion, we specified only his aggravated burglary and second degree battery claims. Thus, Hanner neither sought nor obtained permission to file a successive § 2255 motion raising the claim that his *manslaughter* conviction no longer qualifies as an ACCA predicate. Accordingly, the district court lacked jurisdiction to consider the issue. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h) (requiring a prisoner to seek authorization from the court of appeals before the district court can consider a second or

successive § 2255 motion); *Wiese*, 896 F.3d at 723 (explaining that the requirements of §§ 2244(b) and 2255(h) are jurisdictional); *United States v. Winterroth*, 759 F. App'x 299, 303 (5th Cir. 2019) (unpublished) (concluding that a prisoner's "challenge to his robbery conviction is not properly before us" because, among other reasons, the prisoner "never sought or obtained permission to file a successive habeas petition on the grounds that his robbery conviction was improperly treated as an ACCA predicate conviction" (citing 28 U.S.C. §§ 2244(b)(3), 2255(h))).

We have jurisdiction to correct the district court's error in exceeding its own jurisdiction. *See Key*, 205 F.3d at 774. Therefore, we VACATE the district court's order denying Hanner's § 2255 motion to the extent that the order discusses whether Hanner's manslaughter conviction qualifies as an ACCA predicate and DISMISS Hanner's motion to the extent that it raises that issue. *See Wiese*, 896 F.3d at 721-22 (vacating the district court's judgment and dismissing a second § 2255 motion because the movant "had not established a jurisdictional predicate for his successive habeas motion"); *United States v. McDaniels*, 907 F.3d 366, 369-70 (5th Cir. 2018) ("The district court was without jurisdiction to hear McDaniels's substantive claims under the Fifth and Sixth Amendments. Because they attack the district court's previous ruling on the merits, they constitute a successive habeas application. Hence, we dismiss the appeal as to those issues." (footnote omitted)).

## III.

Hanner did pass through the first jurisdictional gate with respect to his claims that his aggravated burglary and second degree battery convictions no longer qualify as ACCA predicates. *See In re Hanner*, No. 16-30589 (5th Cir. July 15, 2016). However, he conceded in the district court that he had not passed through the second jurisdictional gate with respect to those

convictions, and he does not argue otherwise on appeal.[4] Accordingly, the district court's order is AFFIRMED to the extent that it denied his § 2255 motion with respect to those convictions.

IV.

In his supplemental brief, Hanner concedes that neither the district court nor this court have jurisdiction to consider whether, in light of *Johnson*, the sentencing court improperly treated his manslaughter conviction as an ACCA predicate. However, Hanner asks the court to consider whether his manslaughter conviction qualifies as an ACCA predicate under the Supreme Court's decision in *Borden v. United States*, which held that, for purposes of § 924(e)(2)(B)'s elements clause, a criminal offense does not "count as a 'violent felony' if it requires only a *mens rea* of recklessness." 141 S. Ct. 1817, 1821-22 (2021).

Though Hanner cites no authority that would allow the court to grant him this relief, we can construe Hanner's supplemental brief as a request to authorize the filing of a successive § 2255 motion. *See Kutzner v. Cockrell*, 303 F.3d 333, 335, 339 (5th Cir. 2002) (considering an appeal from an unauthorized successive § 2255 motion to be a request for authorization to file a successive § 2255 motion, and denying the request because it did not "meet the successive petition requirements of" § 2244(b)). As explained above, we will only grant such a motion if the prisoner makes

---

[4] Hanner does argue that the district court's allegedly erroneous conclusion that he had not passed through the second jurisdictional gate with respect to his manslaughter claim "is not harmless" because "neither his aggravated burglary nor his manslaughter conviction would qualify as ACCA priors at the merits stage." However, because we conclude that Hanner never passed through the first jurisdictional gate with respect to his manslaughter claim, we do not have jurisdiction to consider this argument.

No. 20-30420

> a "prima facie showing" that the motion relies on a new claim resulting from either (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) newly discovered, clear and convincing evidence that but for the error no reasonable fact finder would have found the defendant guilty.

*Wiese*, 896 F.3d at 723 (citing 28 U.S.C. §§ 2244(b)(2), (3)(A), (3)(C), 2255(h)). However, Hanner does not point the court to any newly discovered evidence, and *Borden* "did not announce a new rule of constitutional law but instead addressed a question of statutory construction." *In re Rodriguez*, 18 F.4th 841 (5th Cir. 2021). Hanner's request thus does not meet the requirements for authorization of a successive § 2255 motion. Accordingly, it is DENIED.[5]

## V.

For the foregoing reasons, we VACATE the district court's order denying Hanner's § 2255 motion to the extent that the order discusses whether Hanner's manslaughter conviction qualifies as an ACCA predicate and DISMISS Hanner's motion to the extent that it raises that issue. The

---

[5] Additionally, to the extent that Hanner's initial brief should be considered a request to authorize the filing of a successive § 2255 motion on the issue of whether, in light of *Johnson*, Hanner's manslaughter conviction qualifies as an ACCA predicate, we deny the request as untimely. A § 2255 motion that relies on a new rule of constitutional law must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). While *Johnson* was decided in June 2015 and made retroactive in cases on collateral review in April 2016, *see Welch v. United States*, 578 U.S. 120 (2016), Hanner first raised the argument that *Johnson* applied to his manslaughter conviction in an August 2018 district court filing. *See Winterroth*, 759 F. App'x at 303 ("To the extent Winterroth's appeal should be treated as a request to authorize a successive habeas petition, we deny it. He first made his robbery argument well after the one-year deadline to raise *Johnson* as a new rule of constitutional law." (citations omitted)).

No. 20-30420

district court's order is otherwise AFFIRMED. Construing Hanner's briefs as motions to authorize the filing of successive § 2255 motions, those motions are DENIED.