# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2020

Lyle W. Cayce
Clerk

No. 17-11379

FINNIS DAVIS, II,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-15

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Finnis Davis, II, Texas prisoner # 1779538, was convicted by a jury of attempted capital murder and was sentenced to 50 years in prison. The district court denied his 28 U.S.C. § 2254 petition on the merits. Davis now requests a certificate of appealability (COA) to appeal the denial of his petition as well as the denial of his subsequent Federal Rule of Civil Procedure 59(e) motion to amend the judgment denying his petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11379

Davis argues that the district court erred in (1) denying his Rule 59(e) motion; (2) denying his § 2254 petition because (a) he received ineffective assistance of counsel, (b) the prosecutor engaged in misconduct, (c) the trial court violated his due process rights by failing to inquire into his competency or to investigate his complaints about counsel, and (d) the evidence was insufficient to support his conviction; and (3) denying his motions for an evidentiary hearing and for discovery. Davis's motion to supplement his COA motion is GRANTED. His emergency motion for an evidentiary hearing and discovery and motion for the court to review evidence are DENIED AS MOOT.

To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has denied claims on the merits, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Davis first challenges the district court's denial of his Rule 59(e) motion. In that motion, Davis essentially challenged the district court's decision on the merits, asserting that the legal reasoning behind the determination was flawed. Thus, to the extent that his motion raised new claims for relief or challenged the district court's resolution of his claims on the merits, it was a successive § 2254 petition requiring authorization from this court, which Davis did not receive. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *Williams v. Thaler*, 602 F.3d 291, 302 (5th Cir. 2010). The district court lacked jurisdiction over these portions of the motion. *See* § 2244(b)(3)(A); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). To the extent that Davis purported to attack a defect in the habeas proceedings by alleging that the district court erred in

No. 17-11379

denying his motion for discovery, he has not shown that reasonable jurists would debate the issue, as demonstrated by our discussion of the denial of the discovery request, *infra.* Davis accordingly fails to show that any claims over which the district court had jurisdiction deserve encouragement to proceed further. *See Miller-El*, 537 U.S. at 327.

We next address Davis's claims of ineffective assistance of counsel. Davis contends on appeal that he received ineffective assistance of trial counsel because counsel (1) informed the judge of his belief that Davis was about to commit perjury; (2) failed to obtain Roney's medical records and cross-examine the treating paramedic; (3) failed to communicate the State's original plea offer to Davis; (4) failed to request a competency hearing; (5) failed to investigate Davis's history of mental illness to develop a possible insanity defense; and (6) failed to fully investigate and develop evidence regarding one of the victim's statements to the police and during the trial and failed to obtain ballistics evidence to undermine her testimony. After reviewing the record and an affidavit submitted by counsel, the state habeas court considered and rejected Davis's ineffective assistance of counsel claims, making numerous factual findings, including that counsel properly investigated the case, his decisions were the result of reasonable trial strategy, and that no prejudice resulted from any alleged deficiency. Davis cannot demonstrate that reasonable jurists would debate whether these findings and conclusions involved an unreasonable determination of the facts or an unreasonable application of clearly established federal law. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *United States v. Bernard*, 762 F. 3d 467, 477 (5th Cir. 2014); *Pondexter v. Quarterman*, 537 F.3d 511, 524 (5th Cir. 2008); *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## No. 17-11379

Davis next asserts that the prosecutor in his case engaged in misconduct by failing to enter one of the victim's medical records into evidence and relying on false testimony from the other victim. The state habeas court, in adjudicating this claim, determined that Davis had pointed merely to inconsistent testimony and had not provided any evidence that the victim's testimony was false and provided no evidence that the prosecution withheld pertinent medical records. Davis has not shown that reasonable jurists could debate whether the state court's ruling on these points was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Moreover, Davis cannot show a *Brady* violation by virtue of allegedly withheld medical records, because the same information was obtained through testimony. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963).[1]

Davis also asserts that the state trial court should have inquired more deeply into his competency due to his "unusual" and "disruptive courtroom behavior." In addressing Davis's competency claim, the state appellate court noted that the trial court found Davis incompetent to stand trial in September 2011 and committed him to a mental health facility for an evaluation. *Davis v. State*, No. 02-12-00163-CR, 2013 WL 5781489, at *2 (Tex. App. Oct. 24, 2013) (unpublished). The trial court then relied on a report from the North Texas State Hospital notifying the court that Davis had regained competency, and that the trial court was not required to hold an evidentiary hearing and could rely on the report to determine that Davis had regained competency. *Davis*, 2013 WL 5781489, at *2. Davis points to his outbursts at trial as reflecting

---

[1] Additionally, we conclude the district court did not abuse its discretion in denying, in the exercise of its discretion, discovery of the victim's medical records, because Davis had not shown "good cause" as required by the Federal Rules Governing § 2254 Cases. *See Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000); *Clark v. Johnson*, 202 F.3d 760, 765-66 (5th Cir. 2000).

incompetency and requiring a *sua sponte* competency hearing, but, as the state appellate court noted, the trial court did not abuse its discretion in refusing to hold a competency hearing, because "it is clear the trial judge believed appellant understood everything that was occurring and was merely being intentionally argumentative and disruptive." *Id.* at \*5. We cannot conclude that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

Davis next asserts that insufficient evidence supports his conviction. The standard for testing the sufficiency of the evidence in federal habeas review of a state court conviction is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Davis cannot meet this standard, as he challenges the jury's credibility determinations and weighing of the evidence. He thus cannot show that the finding of guilt "was so insupportable as to fall below the threshold of bare rationality." *Herrera v. Collins*, 506 U.S. 390, 656 (1993).

Finally, Davis challenges the district court's denial of his request for an evidentiary hearing on his habeas petition. Under AEDPA, a district court has the discretion to hold an evidentiary hearing in a § 2254 proceeding, subject to statutory limits on considering evidence not presented to or developed in the state courts. *See Cullen v. Pinholster*, 563 U.S. 170, 181-82, 185-86 (2011); *Blue v. Thaler*, 665 F.3d 647, 655-56 (5th Cir. 2011); § 2254(d), (e)(2). Davis does not articulate how the district court would have been able to consider any new evidence, and therefore has not shown that the district court erred in denying such a hearing. *See Pinholster*, 563 U.S. at 181, 185-86; § 2254(d).

No. 17-11379

For these reasons, Davis has thus not made the requisite showing for a COA on any issue. Accordingly, his motion for a COA is DENIED. We construe Davis's motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and AFFIRM.

COA DENIED; AFFIRMED.