# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-30345
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

RASHAD DARNELL SMITH,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
No. 1:04-CR-10001-3

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rashad Smith, federal prisoner # 22424-009, challenges his sentence. He previously moved to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The district court dismissed that motion with prejudice, and Smith did not seek a certificate of appealability. He then filed a motion for writ of coram nobis in the district court challenging the calculation of his sentence under the sentencing guidelines and claiming ineffective assistance of trial counsel. The district court denied the motion on the merits.

Because the writ of coram nobis is not available while Smith is in custody, see United States v. Castro, 26 F.3d 557, 559 (5th Cir. 1994), his pro se motion should have been treated as a motion under § 2255. Before filing a successive motion pursuant to § 2255, Smith was required to obtain leave from this court. 28 U.S.C. § 2244(b)(3)(A). This requirement "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

We must satisfy ourselves of our own jurisdiction and that of the district court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998). Because the district court lacked jurisdiction to rule on Smith's motion, our jurisdiction extends not to the merits of the appeal, but merely for the purpose of correcting the jurisdictional error. See New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998). Accordingly, we VACATE the judgment and DISMISS the appeal for want of jurisdiction.