# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-11061
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Noble U. Ezukanma,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-254-1

———————————————————————

Before Stewart, Southwick, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Noble U. Ezukanma moves for leave to proceed in forma pauperis (IFP) on appeal of the dismissal of his petition construed as a petition for a writ of coram nobis or a writ of audita querela. The district court determined that that it lacked jurisdiction over his request for coram nobis relief and that his request for audita querela relief "fail[ed] as a matter of law."

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-11061

By moving to proceed IFP, Ezukanma challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We will grant IFP status if the appeal involves legal points arguable on their merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Ezukanma has failed to identify any error in the district court's legal analysis and has effectively abandoned his challenge to the district court's certification decision. *See Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Nonetheless, "[s]ubject-matter jurisdiction . . . 'can never be forfeited or waived.'" *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen*, 558 U.S. 67, 81 (2009) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). Although the district court determined that it lacked jurisdiction over a petition for a writ of coram nobis because Ezukanma was in custody, the petition could have been and "should have been treated as a motion under [28 U.S.C.] § 2255." *United States v. Smith*, 308 F. App'x 842, 843 (5th Cir. 2009). However, Ezukanma would have failed in any case to satisfy "the limitations imposed on filing a successive section 2255 motion," as the district court suggested, because he has not obtained leave from this court as required under 28 U.S.C. § 2244(b)(3)(A) for a successive petition. Because that operates as a jurisdictional bar, *see United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), this alternative construction of the petition would have led the district court to the same result—except that dismissal for lack of jurisdiction would have been without prejudice, *see Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468–69 (5th Cir. 2020) (en banc).

The district court's judgment is MODIFIED to dismiss the petition without prejudice. The motion to proceed IFP is otherwise DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24.